Farid A. Sharaby, SBN 278259
Jonathan Kaaria, SBN 323134
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Email:    Farid.Sharaby@wilsonelser.com
Email:    Jonathan.Kaaria@wilsonelser.com

Attorneys for Defendant Universal Protection Service, LP (erroneously sued as "ALLIANCE UNIVERSAL")

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GUTIERREZ, | Case No.:    2:24-cv-07268-MCS-AS |
| Plaintiff, | |
| v. | **DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND TO STRIKE THE REQUEST FOR ATTORNEY'S FEES PURSUANT TO FRCP 12(B)(6), 12(F), AND 12(G)** |
| COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS, ALLIANCE UNIVERSAL, ISAMAR BONILLA-ALVARADO in her individual and official capacity WENDELL HOWARD in his individual and official capacity, JUSTIN (DOE) in his individual and official capacity, and DOES 1 through 50, inclusive, | |
| | Judge: Hon. Alka Sagar<br>Date:  May 19, 2026<br>Time: 10:00 a.m.<br>Crtrm: 540 |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

1

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND TO STRIKE THE REQUEST FOR ATTORNEY'S FEES PURSUANT TO FRCP 12(B)(6), 12(F), AND 12(G)

334116058v.2

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 19, 2026, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 540 of the United States District Court, Central District, located at Roybal Federal Building, 255 E. Temple Street., Los Angeles, CA 90012, before Hon. Alka Sagar, defendant UNIVERSAL PROTECTION SERVICE, LP (erroneously sued as "ALLIANCE UNIVERSAL") ("UPS") will and hereby does move to dismiss plaintiff HECTOR GUTIERREZ's Third Amended Complaint ("TAC") against UPS pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, and to strike the request for attorney's fees request against UPS pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*, both Motions being filed jointly pursuant to Rule 12(g) of the *Federal Rules of Civil Procedure*.

Plaintiff has waived all claims against UPS except for one federal claim of Fourth and Fourteenth Amendment unlawful seizure and destruction of property pursuant to 42 U.S.C. § 1983 and one state claim of conversion.  He has dismissed his claim for punitive damages against UPS.  Therefore, this Motion is brought on the following grounds:

1.    The Court should dismiss the § 1983 claim against UPS because plaintiff has failed to plausibly plead that UPS engaged in state action; that UPS maintained an unconstitutional custom, policy, or practice that was the moving force behind any constitutional violation; or that UPS violated his Fourth or Fourteenth Amendment rights.

2.    The Court should dismiss the conversion claim because plaintiff has not plausibly plead that UPS converted his personal property.

The 12(f) Motion is made on the ground that (1) the Court should strike the attorney's fees prayer against UPS because plaintiff, a pro se litigant, is not entitled to attorney's fees under 42 U.S.C. § 1988.

/ / /

2

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 13, 2026.

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records on file herein, and upon other such evidence as may be considered at the hearing.

Dated: April 20, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By:    */s/ Jonathan Kaaria*
Farid A. Sharaby
Jonathan Kaaria
Attorneys for Defendant
Universal Protection Service, LP
(erroneously sued as "ALLIANCE UNIVERSAL")

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND TO STRIKE THE REQUEST FOR ATTORNEY'S FEES PURSUANT TO FRCP 12(B)(6), 12(F), AND 12(G)

334116058v.2

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 7

I.      INTRODUCTION ......................................................................................... 7

II.     PERTINENT FACTUAL ALLEGATIONS IN TAC ........................................... 7

III.    MOTION TO DISMISS STANDARD................................................................. 9

IV.     THE FIRST CLAIM FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT PLEAD AN UNCONSTITUTIONAL CUSTOM, POLICY, OR PRACTICE THAT WAS THE MOVING FORCE BEHIND ANY ALLEGED CONSTITUTIONAL VIOLATION ................................................. 10

V.      THE FIRST CLAIM FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT PLEAD STATE ACTION .................................................................... 11

VI.     THE FIRST CLAIM FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT PLEAD AN UNDERLYING UNCONSTITUTIONAL VIOLATION................................................................................................ 12

        A.      PLAINTIFF HAS NOT STATED A FOURTH AMENDMENT CLAIM AGAINST UPS.................................................................. 12

        B.      PLAINTIFF HAS FAILED TO STATE A FOURTEENTH AMENDMENT CLAIM AGAINST UPS .............................................. 13

VII.    THE FIFTH CLAIM FOR CONVERSION FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT ALLEGED THAT UPS CONVERTED ANY OF HIS PROPERTY............................................................ 13

VIII.   THE COURT SHOULD STRIKE THE CLAIM FOR ATTORNEY'S FEES AGAINST UPS ................................................................................. 14

IX.     CONCLUSION............................................................................................ 14

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE ................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

" *Sutton v. Providence St. Joseph Med. Ctr.*,
192 F.3d 826 (9th Cir. 1999) ...............................................................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................................9, 10

*Barnett v. Centoni*,
31 F.3d 813 (1994)...............................................................................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................9

*Chudacoff v. Univ. Med. Ctr.*,
649 F.3d 1143 (9th Cir. 2011) ...........................................................................................11

*Dougherty v. City of Covina*,
654 F3d 892 (9th Cir. 2011) ..............................................................................................10

*Duenas v. City of Los Angeles*,
2024 U.S. Dist. LEXIS 200350 (C.D. Cal. 2024)........................................................12, 13

*Florida v. Jimeno*,
500 U.S. 248 (1991)............................................................................................................12

*Franklin v. Fox*,
312 F.3d 423 (9th Cir. 2002) .............................................................................................11

*Hudson v. Palmer*,
468 U.S. 517 (1984)............................................................................................................13

*Kay v. Ehrler*,
499 U.S. 432 (1991)............................................................................................................14

*Lacey v. Maricopa County*
(9th Cir. 2012) 693 F.3d 896 ...............................................................................................7

*Mindys Cosmetics, Inc. v. Dakar*
(2010) 611 F.3d 590............................................................................................................13

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)......................................................................................................10, 11

*Rawson v. Recovery Innovations, Inc.*,
    975 F.3d 742 (9th Cir. 2020) ...............................................................................................11

*Saved Magazine v. Spokane Police Dep't*,
    19 F.4th 1193 (9th Cir. 2021) ..............................................................................................11

*Tsao v. Desert Palace, Inc.*,
    698 F.3d 1128 (2012).............................................................................................................10

*West v. Atkins*,
    487 U.S. 42 (1988).................................................................................................................11

**Statutes**

42 U.S.C. § 1983..........................................................................................................7, 10, 11

42 U.S.C. § 1988.......................................................................................................................14

**Other Authorities**

Fourth Amendment ..............................................................................................................12, 13

Fourteenth Amendment ...............................................................................................................13

**Rules**

Fed.R.Civ.Proc. 8(a)(2)...............................................................................................................10

*Federal Rules of Civil Procedure*, Rule 12(b)(6) ........................................................................9

L.R. 11-6.1 .................................................................................................................................15

L.R. 11-6.2 .................................................................................................................................15

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND TO STRIKE THE REQUEST FOR ATTORNEY'S FEES PURSUANT TO FRCP 12(B)(6), 12(F), AND 12(G)

334116058v.2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff has still not plausibly pled any claims against defendant UNIVERSAL PROTECTION SERVICE, LP (erroneously sued as "ALLIANCE UNIVERSAL") ("UPS").  Plaintiff has waived all claims against UPS except one a Fourth/Fourteenth Amendment claim for unlawful seizure and destruction of property brought pursuant to 42 U.S.C. § 1983, and one state claim for conversation.  See *Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 928 ("But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")

Plaintiff still fails to allege ***specific factual allegations***, as opposed to conclusory allegations, plausibly showing UPS maintained any unconstitutional policy, custom, or practice that was the moving force behind the allege unconstitutional violation.  For that reason alone, UPS respectfully requests the Court dismiss the federal claim against UPS.  Moreover, plaintiff has failed to allege specific factual allegations showing UPS engaged in state action, and the presumption is that UPS did not engage in state action.  Further, plaintiff has not alleged an underlying constitutional violation against UPS.

## II.   PERTINENT FACTUAL ALLEGATIONS IN TAC[1]

On August 21, 2022, at the end of the day, plaintiff retrieved his vehicle from Dockweiler's north parking lot and traveled to Dockweiler RV Park, where his family and property were located.  TAC, ¶ 16.  He had access to and a right to be at the park.  TAC, ¶ 17.  To enter the RV Park, he had to enter a code into a dial pad at its entrance which was outside the main office.  TAC, ¶ 17.  County employee Justin Doe, who was uniformed by Alliance Universal, stopped plaintiff

---

[1] By setting forth plaintiff's allegations for purposes of this Motion, UPS is not accepting them as true.

and decided to come in between plaintiff and the dial pad.  TAC, ¶ 18.  To diffuse the situation, plaintiff handed Justin Doe his parking pass (which was affixed to his windshield) for inspection.  TAC, ¶ 19.  Justin Doe ripped plaintiff's pass in half, said it was not plaintiff's, said plaintiff "could get the f*** out of here," and began laughing.  TAC, ¶ 20.

While plaintiff previously admitted he became enraged, this admission has been removed from the TAC.  SAC, ¶ 17.  He directed an "angry and profane verbal response" at Justin Doe. TAC, ¶ 23. Again, Plaintiff's TAC removes his prior admission that this verbal tirade included, but was not limited to, the following: to go fuck his mother; to go fuck his country of origin; to go fuck whatever poor shit hole city he came from; to go fuck his mother's family and DNA that causes him to exist among us; to go fuck everything he stands for; to go to hell; eat shit; that he is a poor pile of dogshit; and many other shits.  SAC, ¶ 19. Plaintiff remained in his vehicle during his verbal barrage.  TAC, ¶ 23.

Justin Doe retrieved defendant-County employee Wendell Howard from the park's main office.  TAC, ¶ 24.  Instead of deescalating the situation, Howard defended Justin Doe.  TAC, ¶ 25.  Howard said plaintiff and his family were banned from the park for speaking to Justin Doe in such a manner.  TAC, ¶ 25. Howard then returned to the office.  TAC, ¶ 26.

Plaintiff previously admitted that, enraged further, he exited his vehicle and entered the office, where he found Howard on the computer and where he came upon defendant-County employee Supervisor Isiomar Bonilla-Alvarado.  SAC, ¶ 22.  He also previously admitted that, in a screaming voice, he complained to Bonilla-Alvarado about what had just happened outside the office involving her subordinates, Justin Doe and Howard.  SAC, ¶ 22.  Instead, he now only alleges that he existed his vehicle, came across Bonilla-Alvarado and in a "loud and distressed voice" complained about the alleged destruction. TAC, ¶ 23. Bonilla-Alvarado provided her information and email on a yellow sticky pad for what

plaintiff believed would be an on-going dialogue.  TAC, ¶ 30.  Yet again, plaintiff has altered his previous admission that, prior to plaintiff leaving the office and "yelling still" (SAC, ¶ 24), and instead alleges he was assured a full and thorough investigation would be conducted and that all security camera footage would be pulled and reviewed by her and that plaintiff would be contacted regarding the results.  TAC, ¶ 31.  However, this promised agreement was never fulfilled.  TAC, ¶ 33.  Had the promise not been made, plaintiff would have sought an emergency court order to preserve the footage.  TAC, ¶¶ 32 and 34.

## III.    MOTION TO DISMISS STANDARD

Under *Federal Rules of Civil Procedure*, Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.  Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

The *Twombly*/*Iqbal* standard is grounded on two principles.  *Id.*  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*; *Twombly*, 550 U.S. at 555.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679; *Twombly*, 550 U.S. at 556.

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND TO STRIKE THE REQUEST FOR ATTORNEY'S FEES PURSUANT TO FRCP 12(B)(6), 12(F), AND 12(G)

334116058v.2

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.Proc. 8(a)(2)).

## IV. <u>THE FIRST CLAIM FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT PLEAD AN UNCONSTITUTIONAL CUSTOM, POLICY, OR PRACTICE THAT WAS THE MOVING FORCE BEHIND ANY ALLEGED CONSTITUTIONAL VIOLATION</u>

The seminal case of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978), provides that an entity cannot be held vicariously liable for constitutional violations under 42 U.S.C. § 1983. *Id.* at 694-95. Rather, the plaintiff must show a policy, custom, or practice of the entity which amounted to deliberate indifference to the plaintiff's constitutional right was the moving force behind the constitutional violation. *Id.*; *Dougherty v. City of Covina*, 654 F3d 892, 900 (9th Cir. 2011). Monell "applies to suits against private entities under § 1983." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (2012).

Thus, here, "[t]o make out a claim against [UPS] under Monell, [plaintiff] must show that (1) [UPS] acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of [UPS]." *Id.* at 1139. Plaintiff has alleged no specific policy, custom, or practice of UPS. Similarly, he has alleged no facts showing any policy, custom, or practice was the moving force behind any alleged wrongdoing during the subject incident.

Plaintiff has alleged no *specific* policy, custom, or practice of UPS. In Paragraphs 39 and 40, he sets forth conclusory and vague allegations that do not plausibly show that UPS maintained any unconstitutional custom, policy, or practice. In the allegations regarding training in Paragraph 40, plaintiff simply

claims UPS failed to train Justin Doe not to do what plaintiff claims Justin Doe did during the subject incident.  That does not satisfy the *Twombly*/*Iqbal* standard.  Similarly, plaintiff has alleged no facts showing any policy, custom, or practice was the moving force behind any alleged wrongdoing during the subject incident.  As plaintiff's allegations amount to no more than an isolated or sporadic incident, they cannot form the basis of *Monell* liability for an improper custom.  *See Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2021).

For this reason, UPS respectfully request the Court dismiss the first claim against UPS.

## V.  THE FIRST CLAIM FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT PLEAD STATE ACTION

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1149 (9th Cir. 2011).  A plaintiff suing a private party under Section 1983 must demonstrate the private party acted under color of state law.  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002).  Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity.  *Id.*  In the typical case raising a state-action issue, a private party has taken the decisive step that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that decisive conduct as state action.  *Id.*  Constitutional standards should be invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.  *Id.*  "At bottom, the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)) (internal quotation marks

omitted).  ***"When addressing whether a private party acted under color of law, [the court] start[s] with the presumption that private conduct does not constitute governmental action."***  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

Here, it is facially apparent UPS is a private company.  Therefore, plaintiff must overcome the presumption that UPS did not engage in state action.  There are no *factual* allegations in the TAC that UPS engaged in state action.  Plaintiff has failed to set forth any factual allegations from which it can be established that UPS engaged in state action under any one of the governing tests.

Thus, UPS respectfully requests the Court dismiss the first claim against UPS for this reason as well.

## VI.   THE FIRST CLAIM FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT PLEAD AN UNDERLYING UNCONSTITUTIONAL VIOLATION

### A.   Plaintiff Has Not Stated a Fourth Amendment Claim Against UPS

In the TAC, plaintiff has alleged no facts that UPS searched or seized him or his property.  Therefore, this claim fails on its face.

Moreover, plaintiff has not alleged sufficient facts to show Justin Doe's alleged conduct was unreasonable.  "The touchstone of the Fourth Amendment is reasonableness."  *Florida v. Jimeno*, 500 U.S. 248, 250 (1991).  "The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable."  *Id.*  "Whether a seizure is unreasonable under the Fourth Amendment depends upon the particular facts and circumstances."  *Duenas v. City of Los Angeles*, 2024 U.S. Dist. LEXIS 200350, *6 (C.D. Cal. 2024).  Here, plaintiff alleges Justin Doe stood in front of the dial pad, so he handed Justin Doe his parking pass for inspection.  Plaintiff alleges Justin Doe ripped plaintiff's pass in half, said it was not plaintiff's, said plaintiff "could get the f*** out of here," and began laughing.  Plaintiff has not set forth

sufficient factual allegations to show that any alleged search or seizure was unreasonable.  See e.g., *Duenas*, 2024 U.S. Dist. LEXIS 200350 at \*6-7 ("The TAC, like the FAC, does not contain sufficient factual allegations to state an unlawful search and seizure claim.  The TAC does not include any factual allegations, beyond alleging that $10,000 was seized, that would allow the Court to determine whether the search and seizure was unreasonable.").

### B.    Plaintiff Has Failed to State a Fourteenth Amendment Claim Against UPS

As with the Fourth Amendment claim, with respect to the Fourteenth Amendment claim, plaintiff has alleged no facts that UPS engaged in any wrongdoing toward him.  Therefore, this claim fails against UPS.  Further, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  "California Law provides an adequate post-deprivation remedy for any property deprivations."  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (1994).  Therefore, plaintiff's Fourteenth Amendment claim fails as a matter of law.

## VII.    THE FIFTH CLAIM FOR CONVERSION FAILS AGAINST UPS BECAUSE PLAINTIFF HAS NOT ALLEGED THAT UPS CONVERTED ANY OF HIS PROPERTY

"Conversion is the wrongful exercise of dominion over the property of another."  *Mindys Cosmetics, Inc. v. Dakar* (2010) 611 F.3d 590, 601 (quotations omitted).  To plead a claim of conversion, a plaintiff must plausibly plead his ownership or right to possession of the property at the time of the conversion, "the defendant's conversion by a wrongful act or disposition of property rights," and damages.  *Id.*

Here, plaintiff's TAC adds no new factual allegations in support of this

claim.  He merely inserts the same threadbare recitals supported by conclusory statements.  Specifically, he alleges only that he was the "lawful owner of and had the right to possess the parking pass" (TAC, ¶ 83), Justin Doe wrongfully exercised "dominion over Plaintiff's property that permanently deprived Plaintiff of his possessory interest in it" (TAC, ¶ 84), and that, as a "direct and proximate result" thereof, he "suffered the loss of his tangible personal property" (TAC, ¶ 87).  These threadbare recitals of the elements of a conversion claim are insufficient to meet the *Twombly/Iqbal* plausibility standard.  Accordingly, this claim fails against UPS.

## VIII.  THE COURT SHOULD STRIKE THE CLAIM FOR ATTORNEY'S FEES AGAINST UPS

Plaintiff, a pro se litigant, seeks attorneys fees under 42 U.S.C. § 1988.  TAC, p. 39.  A pro se litigant is not entitled to attorney's fees pursuant to 42 U.S.C. § 1988.  *Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991).  Accordingly, UPS respectfully requests the Court strike plaintiff's prayer for attorneys fees.

## IX.  CONCLUSION

For the reasons set forth above, UPS respectfully requests the Court dismiss all claims against UPS.

Dated: April 20, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____*/s/ Jonathan Kaaria*_____
Farid A. Sharaby
Jonathan Kaaria
Attorneys for Defendant
Universal Protection Service, LP
(erroneously sued as "ALLIANCE UNIVERSAL")

14

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for defendant UNIVERSAL PROTECTION SERVICE, LP (erroneously sued as "ALLIANCE UNIVERSAL"), certifies that this brief contains 2,796 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 20, 2026

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:_____ */s/ Jonathan Kaaria*_____
Farid A. Sharaby
Jonathan Kaaria
Attorneys for Defendant
Universal Protection Service, LP
(erroneously sued as "ALLIANCE
UNIVERSAL")

15

334116058v.2

## CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

*Hector Gutierrez v. County of Los Angeles, et al.*
United States District Court Case No. 2:24-cv-07268-MCS-AS
WEMED Matter No.: 20137.00402

## STATE OF CALIFORNIA

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to this action. My business address is 3200 Park Center Drive, Suite 600, Costa Mesa, California 92626. My electronic service address is Megan.Finch@wilsonelser.com.

On **April 20, 2026**, I caused the foregoing document, entitled **"DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND TO STRIKE THE REQUEST FOR ATTORNEY'S FEES PURSUANT TO FRCP 12(B)(6), 12(F), AND 12(G)"** to be served on the person(s) identified in the attached Service List, at their respective [residential / business / electronic service] address(es), by the below-indicated means:

**[X]   BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 20, 2026**, at Costa Mesa, California.

*/s/ Megan Finch*
Megan Finch

16
CERTIFICATE OF SERVICE

334116058v.2

## **<u>SERVICE LIST</u>**

*Hector Gutierrez v. County of Los Angeles, et al.*
United States District Court Case No. 2:24-cv-07268-MCS-AS
WEMED Matter No.: 20137.00402

| | |
|---|---|
| Hector Gutierrez<br>1015 Rosewood Avenue<br>Inglewood, CA 90301<br>Tel:   (424) 200-1504<br>Email:       heg254@aol.com | Plaintiff in Pro Se |

17

CERTIFICATE OF SERVICE

334116058v.2