Jonathan Kaaria, SBN 323134
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Email:      Jonathan.Kaaria@wilsonelser.com

Attorney for Defendant
COUNTY OF LOS ANGELES (erroneously sued as COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS); ISAMAR BONILLA-ALVARADO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GUTIERREZ, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS, ALLIANCE UNIVERSAL, ISAMAR BONILLA-ALVARADO in her individual and official capacity WENDELL HOWARD in his individual and official capacity, JUSTIN (DOE) in his individual and official capacity, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.:    2:24-cv-07268-MCS-AS <br><br> **AMENDED ANSWER OF COUNTY OF LOS ANGELES (ERRONEOUSLY SUED AS COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS) AND ISAMAR BONILLA-ALVARDO TO PLAINTIFF'S THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: 8/21/2024 <br> Trial Date: None |

/ / /

/ / /

/ / /

/ / /

/ / /

1

TO THE COURT AND ALL PARTIES APPEARING OF RECORD:

Defendants COUNTY OF LOS ANGELES (erroneously sued as COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS) and ISAMAR BONILLA-ALVARDO ("Bonilla-Alvarado") (collectively "Answering Defendants") answer Plaintiff HECTOR GUTIERREZ's Third Amended Complaint ("TAC") by admitting, denying, and alleging as follows:

## **INTRODUCTION**

1. Answering Paragraph 1 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

## **JURISDICTION AND VENUE**

2. Answering Paragraph 2 of Plaintiff's TAC, Answering Defendants admit this Court has jurisdiction over Plaintiff's claims.

3. Answering Paragraph 3 of Plaintiff's TAC, Answering Defendants admit the Court has supplemental jurisdiction over Plaintiff's claims.

4. Answering Paragraph 4 of Plaintiff's TAC, Answering Defendants admit that venue is proper.

## **PARTIES**

5. Answering Paragraph 5 of Plaintiff's TAC, Answering Defendants deny that, at the time of the alleged incident, Plaintiff had a "valid access credential and right to enter." As to the remaining allegations, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

6. Answering Paragraph 6 of Plaintiff's TAC, Answering Defendants deny any "unconstitutional policies, customs, and practices" alleged.  Answering Defendants admit the remainder of this Paragraph.

AMENDED ANSWER OF COUNTY OF LOS ANGELES AND ISAMAR BONILLA-ALVARDO TO PLAINTIFF'S THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

7. Answering Paragraph 7 of Plaintiff's TAC, Answering Defendants admit the Department was responsible for the management and staffing at Dockweiler Beach and the RV Park and that it employed Bonilla-Bonilla-Alvarado and Howard. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, deny each and every remaining allegation contained therein.

8. Answering Paragraph 8 of Plaintiff's TAC, Answering Defendants deny any "unconstitutional policies, customs, and practices" alleged. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, deny each and every remaining allegation contained therein.

## STATE ACTION – COLOR OF STATE LAW

9. Answering Paragraph 9 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Vague as to "at all times relevant to this action", "traditional and exclusive governmental function", "public safety control", "access control", and "security policing", and as to "benefit of the general public."

10. Answering Paragraph 10 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Vague as to "official uniforms", "exercised the authority to stop, detain, interrogate, exclude, and control access", "not merely ministerial – it was coextensive with the County's own sovereign authority to regulate access to its public lands."

11. Answering Paragraph 11 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of

AMENDED ANSWER OF COUNTY OF LOS ANGELES AND ISAMAR BONILLA-ALVARDO TO PLAINTIFF'S THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

12.    Answering Paragraph 12 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every remaining allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

13.    Answering Paragraph 13 of Plaintiff's TAC, Answering Defendants admit that at the time of the incident Wendell Howard and Bonilla-Alvarado were employees of the County of Los Angeles, and that Plaintiff has sued them, respectively, in their individual capacities.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, deny each and every remaining allegation contained therein.

14.    Answering Paragraph 14 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

15.    Answering Paragraph 15 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

## **FACTUAL ALLEGATIONS**

16.    Answering Paragraph 16 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

17.    Answering Paragraph 17 of Plaintiff's TAC, Answering Defendants

are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

18.    Answering Paragraph 18 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

19.    Answering Paragraph 19 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

20.    Answering Paragraph 20 of Plaintiff's TAC, Answer Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

21.    Answering Paragraph 21 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

22.    Answering Paragraph 22 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

23.    Answering Paragraph 23 of Plaintiff's TAC, Answer Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

24.    Answering Paragraph 24 of Plaintiff's TAC, Answering Defendants

are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

25.     Answering Paragraph 25 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

26.     Answering Paragraph 26 of Plaintiff's TAC, Answering Defendants deny Plaintiff suffered any "retaliatory ban", along with each and every allegation contained therein to the extent they pertain to defendants or their respective employees. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

27.     Answering Paragraph 27 of Plaintiff's TAC, Answering Defendants deny Plaintiff suffered any "retaliatory ban", along with each and every allegation contained therein to the extent they pertain to defendants or their respective employees. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

28.     Answering Paragraph 28 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

29.     Answering Paragraph 29 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

30.     Answering Paragraph 30 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every

allegation contained therein.

31. Answering Paragraph 31 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

32. Answering Paragraph 32 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

33. Answering Paragraph 33 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

34. Answering Paragraph 34 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

35. Answering Paragraph 35 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

36. Answering Paragraph 36 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

38. Answering Paragraph 38 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

39. Answering Paragraph 39 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

40. Answering Paragraph 40 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

41. Answering Paragraph 41 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

42. Answering Paragraph 42 of Plaintiff's TAC, Answering Defendants

deny each and every allegation contained therein.

43.   Answering Paragraph 43 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

44.   Answering Paragraph 44 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

45.   Answering Paragraph 45 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983 – Unreasonable Seizure and Destruction of Property and Fourth and Fourteenth Amendments**

*(Against Defendant Justin Doe, Individually, and Defendant Universal Protection Services, LP, via Monell)*

46.   Answering Paragraph 46 of Plaintiff's TAC, Answering Defendants reiterate and incorporate by reference their admissions and denials as set forth above.

47.   Answering paragraph 47 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

48.   Answering Paragraph 48 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

49.   Answering Paragraph 49 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of

8

the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

50. Answering Paragraph 50 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

51. Answering paragraph 51 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Answering Defendants object that the allegations are not factual allegations but legal conclusions.

52. Answering paragraph 52 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

53. Answering Paragraph 53 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

54. Answering Paragraph 44 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

### SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – First Amendment Retaliation

*(Against Defendant Wendell Howard, Individually, and Defendant County of Los Angeles, via Monell)*

55. Answering paragraph 55 of Plaintiff's TAC, Answering Defendants reiterate and incorporate by reference their admissions and denials as set forth above.

56. Answering paragraph 56 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Answering Defendants object that the allegations are not factual allegations but legal conclusions.

57. Answering paragraph 57 of Plaintiff's TAC, Answering Defendants

are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Answering Defendants object that the allegations are not factual allegations but legal conclusions.

58.    Answering Paragraph 58 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Answering Defendants object that the allegations are not factual allegations but legal conclusions.

59.    Answering Paragraph 59 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

60.    Answering Paragraph 60 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

61.    Answering Paragraph 61 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

62.    Answering Paragraph 62 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

63.    Answering Paragraph 63 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein. Answering Defendants object that the allegations are not factual allegations but legal conclusions.

64.    Answering Paragraph 64 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

65. Answering Paragraph 65 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

10

## THIRD CAUSE OF ACTION

**42 U.S.C. § 1983 – Fourteenth Amendment Due Process Supervisory Liability and Deliberate Indifference to Evidence Preservation**

*(Against Defendant Isamar Bonilla-Bonilla-Alvarado, Individually, and Defendant County of Los Angeles, via Monell)*

66.     Answering paragraph 66 of Plaintiff's TAC, Answering Defendants reiterate and incorporate by reference their admissions and denials as set forth above.

67.     Answering Paragraph 67 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

68.     Answering Paragraph 68 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

69.     Answering Paragraph 69 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

70.     Answering Paragraph 70 of Plaintiff's TAC, Answering Defendants deny Bonilla-Bonilla-Alvarado violated plaintiff's rights.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, deny each and every remaining allegation contained therein.

71.     Answering Paragraph 71 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

72.    Answering Paragraph 72 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

73.    Answering Paragraph 73 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

74.    Answering Paragraph 74 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**42 U.S.C. § 1985(3) – Conspiracy to Deprive of Equal Protection**

*(Against Defendants Justin Doe, Wendell Howard, Isamar Bonilla-Bonilla-Alvarado and Does 1-10)*

75.    Answering paragraph 75 of Plaintiff's TAC, Answering Defendants reiterate and incorporate by reference their admissions and denials as set forth above.

76.    Answering paragraph 76 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

77.    Answering Paragraph 77 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

78.    Answering Paragraph 78 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

79.    Answering Paragraph 79 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

80.    Answering Paragraph 80 of Plaintiff's TAC, Answering Defendants

deny each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

**Conversion**

**(California Common Law)**

*(Against Defendant Justin Doe, Individually, and Defendant Universal Protection Services, LP, via Respondeant Superior)*

81.     Answering paragraph 81 of Plaintiff's TAC, Answering Defendants reiterate and incorporate by reference their admissions and denials as set forth above.

82.     Answering paragraph 82 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

83.     Answering Paragraph 79 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

84.     Answering Paragraph 84 of Plaintiff's TAC, Answering Defendants deny Justin Doe unlawfully converted any of plaintiff's property.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, deny each and every remaining allegation contained therein.

85.     Answering Paragraph 85 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

86.     Answering paragraph 86 of Plaintiff's TAC , Answering Defendants

deny each and every allegation contained therein.

87.     Answering Paragraph 87 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (California Common Law)

*(Against Defendants Justin Doe, Wendell Howard, and Isamar Bonilla-Bonilla-Alvarado, Individually)*

88.     Answering paragraph 88 of Plaintiff's TAC, Answering Defendants reiterate and incorporate by reference their admissions and denials as set forth above.

89.     Answering paragraph 89 of Plaintiff's TAC, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.  Answering Defendants object that the allegations are not factual allegations but legal conclusions.

90.     Answering Paragraph 90 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

91.     Answering Paragraph 91 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

92.     Answering Paragraph 92 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

93.     Answering Paragraph 93 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

94.     Answering Paragraph 94 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

95.     Answering Paragraph 95 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

96.     Answering Paragraph 96 of Plaintiff's TAC, Answering Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to state a claim against Answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to state a claim against Answering Defendants upon which an award of damages can be based.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to state a cause of action against County under *Monell v. Department of Social Services for the City of New York*, 436 U.S. 658 (1978) because there can be no recovery for a federal civil rights violations where there is no constitutional deprivation caused by an expressly adopted official policy or longstanding practice or custom.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or to attempt to mitigate damages; therefore, if, in fact, any damages have been sustained, any recovery by Plaintiff should be diminished or barred.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to set forth a cause of action because Answering Defendants did not act pursuant to an official government policy that violated Plaintiff's constitutionally protected rights.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's TAC raises procedural due process claims under 42 U.S.C. § 1983 et seq., Plaintiff failed to exhaust the remedies available under state or administrative law as to some or all of the claims.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's TAC raises substantive due process claims under 42 U.S.C. § 1983 et seq., Plaintiff fails to demonstrate or prove any arbitrary or capricious governmental action to sustain that claim.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to establish that any conduct on the part of Answering Defendants deprived Plaintiff of any right, privilege, or immunity secured by the U.S. Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to establish that any activity alleged to have caused the unconstitutional deprivation implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by County.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to establish that County had any policies or customs affecting any of the alleged acts giving rise to Plaintiff's constitutional claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to establish a cause of action against Answering Defendants under 42 U.S.C. § 1983 because simple negligence does not constitute a violation of federal civil rights. Parratt v. Taylor, 451 U.S. 527 (1981).

## TWELFTH AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused and contributed to by the negligence of other persons and the extent of damages sustained, if any, should be reduced and proportioned to the amount of said negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's TAC, and each count thereof, fails to establish causation under color of statute, ordinance, regulation, custom, or usage.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by persons other than Answering

16

Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

The conduct of County alleged in Plaintiff's TAC is privileged and immune under federal and state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are the result of his own negligence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not act with reckless disregard or deliberate indifference.

### EIGHTEENTH AFFIRMATIVE DEFENSE

A policy or custom of County cannot be established by one act.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in and about the matters alleged in the TAC.  That carelessness and negligence proximately contributed to the incident and to any injuries, loss, or damages caused thereby.  Accordingly, Plaintiff's right to recover damages is correspondingly reduced.

### TWENTIETH AFFIRMATIVE DEFENSE

The acts complained of in the TAC were not caused by any unconstitutional policy, custom, practice or procedure promulgated or tolerated by an official authorized under state law to enact County policy or procedure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

All of plaintiffs' claims are barred by the good faith defense.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The doctrine of respondeat superior is not applicable to actions under 42 U.S.C. § 1983.

17

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any detriment or damages in any amount whatsoever.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any detriment, such was unavoidable.

## TWENTY NINTH AFFIRMATIVE DEFENSE

County is not liable for damages proximately caused by the acts or omissions of third parties or Plaintiff.

## THIRTIETH AFFIRMATIVE DEFENSE

Answering Defendants were not the proximate cause of Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any and all official conduct taken by Answering Defendants was in good faith and without malicious intent to deprive Plaintiff of his constitutional rights or to cause other injury.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the appropriate federal, state, and/or local

18

remedies.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Answering Defendants did not act in bad faith or with malicious intent.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

All of plaintiff's claims are barred by the doctrine of qualified immunity.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to state a claim upon which an award of punitive damages can be based.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. Gov. Code § 815(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the claim filing requirements for actions against public entities and public employees.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The factual circumstances set forth in Plaintiff's government claim do not correspond with the facts alleged in Plaintiff's TAC. The TAC thereby alleges a factual basis for recovery which is not fairly reflected in the written claim.

## FORTIETH AFFIRMATIVE DEFENSE

Without admitting liability, County alleges that, as a public entity, it is not liable for the act or injury of an employee when the employee is immune from liability.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Without admitting liability, County alleges that the County, a public entity, and its employees, are immune from liability for injury, whether caused by act or omission of the public entity, an employee thereof or any other person, except as expressly provided by statute.

19

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Without admitting liability, County alleges that the County, a public entity, and its employees, are not liable for an injury caused by misrepresentation by an employee of the public entity, whether negligent or intentional.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 815.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 815.2.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 815.6.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 818.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 818.2.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 818.8.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 820.2.

**FIFTIETH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 820.4.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 820.6.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 820.8.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 821.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune under Government Code section 821.6.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 822.2.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Civil Code section 47.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants allege, without admitting that fault, that any statements made about Plaintiff were true.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to absolute immunity.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendants allege that the TAC is barred because Plaintiff failed to include all necessary or indispensable parties.

## SIXTIETH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 815.4.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Any conduct bringing on Plaintiff's injury or damages was with Plaintiff's consent which bars the claims in the TAC.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

The TAC, and each and every purported cause of action contained therein, is barred, either wholly or in part, by the statute of limitations set forth in the California Code of Civil Procedure including, but not limited to, sections 335.1, 337, 338, 339, and 343.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

All of plaintiff's claims are barred by application of Eleventh Amendment Immunity.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 818.4.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

21

Answering Defendants are immune under Government Code section 818.6.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 821.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 821.2.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 821.4.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendants are immune under Government Code section 821.8.

## RESERVATION OF RIGHTS

Answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in the TAC. Accordingly, Answer Defendants reserve the right to assert the additional defenses as applicable.

**WHEREFORE**, Answering Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by this action;

2. That the action be dismissed;

3. That Answering Defendants be awarded costs of suit; and

4. For such other costs and further relief as the Court may deem just and proper.

Dated: April 20, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Jonathan V. Kaaria*
Jonathan V. Kaaria
Attorney for Defendant
COUNTY OF LOS ANGELES
(erroneously sued as COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS);
ISAMAR BONILLA-ALVARADO

22

## **DEMAND FOR JURY TRIAL**

Defendants COUNTY OF LOS ANGELES (erroneously sued as COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS); and ISAMAR BONILLA-ALVARADO hereby demand a trial by jury as to all issues of fact properly triable by jury.

Dated: April 20, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Jonathan V. Kaaria*
Jonathan V. Kaaria
Attorney COUNTY OF LOS ANGELES (erroneously sued as COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS); ISAMAR BONILLA-ALVARADO

23

## CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

*Hector Gutierrez v. County of Los Angeles, et al.*
United States District Court Case No. 2:24-cv-07268-MCS-AS
WEMED Matter No.: 20137.00402

## STATE OF CALIFORNIA

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to this action. My business address is 3200 Park Center Drive, Suite 600, Costa Mesa, California 92626. My electronic service address is Megan.Finch@wilsonelser.com.

On **April 20, 2026**, I caused the foregoing document, entitled "**AMENDED ANSWER OF COUNTY OF LOS ANGELES (ERRONEOUSLY SUED AS COUNTY OF LOS ANGELES DEPARTMENT OF BEACHES AND HARBORS) AND ISAMAR BONILLA-ALVARDO TO PLAINTIFF'S THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL"** to be served on the person(s) identified in the attached Service List, at their respective [residential / business / electronic service] address(es), by the below-indicated means:

**[X]    BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 20, 2026**, at Costa Mesa, California.

*/s/ Megan Finch*
Megan Finch

24

AMENDED ANSWER OF COUNTY OF LOS ANGELES AND ISAMAR BONILLA-ALVARDO TO PLAINTIFF'S THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## <u>SERVICE LIST</u>

*Hector Gutierrez v. County of Los Angeles, et al.*
United States District Court Case No. 2:24-cv-07268-MCS-AS
WEMED Matter No.: 20137.00402

| | |
|---|---|
| Hector Gutierrez<br>1015 Rosewood Avenue<br>Inglewood, CA 90301<br>Tel:   (424) 200-1504<br>Email:        heg254@aol.com | Plaintiff in Pro Se |

AMENDED ANSWER OF COUNTY OF LOS ANGELES AND ISAMAR BONILLA-ALVARDO TO PLAINTIFF'S THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL